**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| LAL BHATIA, | No. C 08-04208 SBA |
| Plaintiff, | and Related Case: |
| v. | No. Cr 05-00334 SBA |
| UNITED STATES OF AMERICA, *et al.*, | **ORDER** |
| Defendants. | [Docket Nos. 2, 4, 14] |

**REQUEST BEFORE THE COURT**

Before the Court is plaintiff Lal Bhatia's Ex Parte Application for an Order to Show Cause and Temporary Restraining Order,[1] (the "Ex Parte Application") [Docket No. 14]. Bhatia seeks a temporary restraining order ("TRO") enjoining the government from prosecuting him in *United States v. Lal Bhatia, et al.*, No. 05-cr-00334 SBA. He also seeks a hearing for an order to show cause regarding whether or not the Court should permanently enjoin the government from prosecuting him in *United States v. Lal Bhatia*. The government opposes under *Douglas v. City of Jeannette*, 319 U.S. 157, 163 (1943), which states the well settled rule that "courts of equity do not ordinarily restrain criminal prosecutions." On this ground, the Court DENIES the Ex Parte Application and DISMISSES this matter for lack of subject matter jurisdiction, as Bhatia fails to demonstrate any standing to sue. Specifically, as discussed below, he fails to demonstrate that defendants' conduct has caused him any injury in fact which *Douglas* would allow this Court to remedy with its equity powers.

**BACKGROUND**

*United States v. Lal Bhatia* is connected in varying degrees to three other matters, which together have a complex and detailed history going back to 2004. The Court, however, will only address the facts necessary for this Order. On October 14, 2004, a Texas business entity sued Lal

---

[1] Despite the title, Bhatia did not proceed ex parte, but served his pleading on the government.

Bhatia and his alleged co-conspirators, in the Southern District of Texas, before Judge Lynn Hughes, in *Inderra Houston, LP v. Gerry Florent, et al.*, No. 04-cv-03961.  Docket No. 275 in No. 05-cr-00334 SBA (the "Cr. Docket") at 1-2.  Plaintiff alleged that it had contracted with defendants to obtain a $105 million loan for a proposed real estate development near Houston, for which plaintiff paid defendants a 1.5 percent or $1,575,000 "loan commitment fee."  *Id.* at 2-3.  The contract provided the fee would be refunded if defendants were unable to fund the loan.  Cr. Docket No. 1 ¶ 9.c.  Defendants did not fund the loan, and did not refund the fee.  Cr. Docket No. 275 at 3.  Plaintiff alleged defendants never intended to fund any loan.  *Id.* at 3.  Due to discovery difficulties, plaintiff moved to voluntarily dismiss its suit without prejudice.  *Id.* at 3.  Judge Hughes, however, without providing any reasons on the record, dismissed the suit with prejudice, on November 17, 2005.[2]  *Id.*

On April 22, 2005, Assistant United States Attorney Stephen George Corrigan filed a sealed complaint in *United States v. Lal Bhatia*.  *See* Cr. Docket No. 1 ("Compl.") at 1.  Attached to the complaint was an affidavit signed by Special Agent Janet Berry of the FBI.  *Id.* at 46.  The complaint charges Bhatia with three counts of wire fraud, 18 U.S.C. § 1343, and four counts of money laundering, 18 U.S.C. § 1957.  Compl. at 2-4.  The complaint alleges, in part, some of the same conduct alleged by the Texas plaintiff, i.e., that Bhatia and his co-defendants conspired to obtain a loan commitment fee without any intention of funding a loan.  *Id.* at 1-5, 12-16.  The complaint also alleges, however, that Bhatia engaged in similar conduct directed at Carlton Orlando, LLC, for a loan of $55 million, to obtain a fee of $825,000, which loan he never funded, and which fee he never refunded.[3]  *Id.* at 1-5, 7.

---

[2] The limited record before this Court indicates that Judge Hughes knew Bhatia had been indicted in this Court.  *See* Exs. 34 & 35 [Cr. Docket No. 295] to Bhatia's Mot. to Dismiss under the Doctrine of Res Judicata, Issue Preclusion or Collateral Estoppel [Cr. Docket No. 262].  It also indicates that Judge Hughes believed that plaintiff had been defrauded, but that there was a lack of evidence tying to the fraud certain defendants who were legal, financial, or realty professionals.  *Id.*  These defendants, who have not been indicted, prompted his dismissal with prejudice.  *See id.*

[3] On October 23, 2006, in *United States v. Lal Bhatia*, No. 04-cr-40071 CW, a matter unrelated to those discussed in this Order, Bhatia was sentenced to 48 months of custody for each of nine counts of mail fraud and eighteen counts of money laundering, all terms to run concurrently.  *See* Docket No. 176 in No. 04-40071.  He is currently incarcerated under this sentence.

On July 4, 2007, Bhatia filed a Motion to Dismiss under the Doctrine of Res Judicata, Issue Preclusion and Collateral Estoppel (the "Motion to Dismiss"). *See* Cr. Docket No. 262. He asserted that the Texas civil matter had been terminated in his favor, as Judge Hughes had dismissed him with prejudice after finding that the Texas plaintiff had not been defrauded. *Id.* at 18-22. In support, Bhatia reiterated portions of transcripts from hearings held before Judge Hughes on February 24[4] and March 10, 2005. *Id.* He also asserted that although the government was not a party to the Texas civil matter, it aided the civil plaintiffs to such an extent, and thus participated in it, such that after the plaintiffs voluntarily dismissed the civil suit, the government was legally barred from criminally prosecuting him. *See id.*

On September 4, 2007, this Court denied Bhatia's Motion to Dismiss. *See* Cr. Docket No. 275. In doing so, the Court did not address Judge Hughes' findings, but compared the elements of the Texas civil claims and Bhatia's criminal charges, and analyzed whether the government was in privity with the Texas plaintiffs. *See id.* Bhatia appealed, *see* Cr. Docket No. 277, but on September 24, 2008, the Ninth Circuit dismissed his appeal for lack of interlocutory jurisdiction, finding he had failed to show the government was in privity with the Texas plaintiffs. *See* Cr. Docket No. 399. On October 17, 2008, however, the Ninth Circuit granted him an extension through December 9, 2008, to file a motion for rehearing by his panel and/or en banc. *See* Cr. Docket No. 413. This Court has stayed Bhatia's prosecution, pending the Ninth Circuit issuing a mandate. Cr. Docket Nos. 357, 414.

On August 4, 2008, Bhatia, who has retained counsel from three different firms in his criminal matter, *see* Cr. Docket, filed a complaint in propria persona against the United States, Agent Berry, and AUSA Corrigan, in the Southern District of Texas, before Judge Melinda Harmon, in *Bhatia v. United States, et al.*, No. 08-cv-02408. Docket No. 1 & entry dated 8/4/2008 in No. 08-2408. Bhatia alleges that Agent Berry filed an affidavit in *United States v. Lal Bhatia* for a search warrant for his residence, with Magistrate Judge James Larson, on April 29, 2005. Docket No. 1 in No. 08-2408 ¶ 47. He further alleges that Agent Berry misrepresented or failed to include in her

---

[4]   Bhatia incorrectly refers to this date as March 24, 2005.

3

1 affidavit certain findings made by Judge Hughes in the Texas civil matter. *Id.* ¶¶ 48-64. Essentially, Bhatia merely repeated and restructured allegations and arguments from his Motion to Dismiss. He again quoted portions from transcripts of the February 24 and March 10, 2005 hearings before Judge Hughes, to allegedly show that Judge Hughes had found no fraud had occurred. *Compare* Docket No. 1 in No. 08-2408 ¶¶ 48-64 *with* Cr. Docket No. 262 at 18-22. Bhatia asserts that had Berry provided this information to Judge Larson, he would not have issued the search warrant. Docket No. 1 in No. 08-2408 ¶ 72. As relief, Bhatia requests that Judge Harmon: (1) declare that Judge Hughes made certain findings in the Texas civil matter, e.g., that the Texas civil plaintiffs were not defrauded, *id.* at 19-20; (2) declare that the government, Berry, and Corrigan unlawfully violated unspecified statutory duties to Bhatia, *id.* at 20; and (3) issue a writ of mandamus striking the affidavit, voiding the warrant, and suppressing the fruits of the search, *id.* at 20-21.

On August 25, 2008, Bhatia filed a Notice of Related Cases with Judge Harmon, requesting her to relate her matter to the Texas civil matter, because Judge Hughes was in the best position to decide what findings he made in the Texas civil matter. *See* Docket No. 7 in No. 08-02408. The next day, however, Judge Harmon transferred her matter to the Northern District of California, as she construed Bhatia's complaint as a request for her to reconsider this Court's denial of his Motion to Dismiss. *See* Docket No. 11 in No. 08-02408. On September 5, 2008, the transferred matter was assigned to Judge Claudia Wilken. *See* Docket in No. 08-04208.

On September 10, 2008, Bhatia, in propria persona, filed with Judge Hughes in the Texas civil matter a motion under Federal Rule of Civil Procedure 60(a),[5] requesting him to "supplement" his November 17, 2005 judgment "to reflect his intentions when [he] dismissed this case with prejudice. . . . [a]s it is apparent post[-]judgment that . . . the Court . . . did not make specific findings . . . ." Docket No. 112 in No. 04-03961.[6] On September 17, 2008, Judge Hughes declined

///

---

[5] This subdivision allows a court to correct its clerical mistakes, oversights, or omissions.

[6] In making this allegation, Bhatia contradicts his prior allegation that Judge Hughes *had made specific findings* such as that the Texas civil plaintiffs had not been defrauded. *See* Docket No. 1 in No. 08-2408 ¶¶ 48-64 & Cr. Docket No. 262 at 18-22.

4

to modify his November 17, 2005 judgment, tersely noting "[t]his court cannot rule on actions before other courts."  Docket No. 113 in No. 04-03961.

On September 16, 2008, Judge Wilken referred her matter to this Court to determine whether it is related to *United States v. Lal Bhatia*.  *See* Cr. Docket No. 397; Docket No. 5 in 08-4208.  On October 28, 2008, this Court related the two matters.  Cr. Docket No. 417; Docket No. 12 in 08-4208.  On October 28, 2008, Bhatia filed his Ex Parte Application for an Order to Show Cause and Temporary Restraining Order (the "Ex Parte Application").  In it, Bhatia requests the Court enjoin his criminal prosecution on the same grounds he raised in his Motion to Dismiss, i.e., that Agent Berry failed to disclose in her search warrant affidavit that Judge Hughes found that no fraud had occurred.  Compare Ex Parte App. at 3-7 with Cr. Docket No. 262 at 18-22.  On October 29, 2008, the government filed an opposition, asserting it is well settled that under *Douglas v. City of Jeannette*, 319 U.S. 157, 163 (1943), "courts of equity do not ordinarily restrain criminal prosecutions."  Docket No. 13 at 2.

## LEGAL STANDARD

Under Article III of the Constitution, the judicial power of the federal courts only extends to "Cases" and "Controversies" of a "justiciable" sort.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992).  A landmark of justiciability, "the core component of *standing* is an essential and unchanging part of the case-or-controversy requirement of Article III."  *Id.* at 560 (emphasis added).  Standing is not subject to waiver, and the Court must address the issue whether or not the parties raise it.  *U.S. v. Hays*, 515 U.S. 737, 742 (1995).  "[T]he irreducible constitutional minimum of standing contains three elements."  *Lujan*, 504 U.S. at 559-60.  "First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical[.]' "  *Id.* (internal citations and footnote omitted) (*quoting Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (*quoting Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983))).  "Second, there must be a causal connection between the injury and the conduct complained of[.]"  *Lujan*, 540 U.S. at 560.  "Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable

///

decision." *Id.* Finally, "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561.

## ANALYSIS

As discussed below, the Court DENIES Bhatia's Ex Parte Application and DISMISSES this matter for lack of subject matter jurisdiction, because he fails to meet his burden under *Lujan* to show he has standing. Specifically, he fails to demonstrate that he will suffer an "injury in fact" which the Court could redress with its equitable powers. This is because he fails to demonstrate under *Douglas* that he is entitled to use this Court's civil equity powers to restrain his criminal prosecution. As the Supreme Court has held:

> It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guarantees, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction.

*Douglas*, 319 U.S. at 163.

Under the rule of abstention as developed by the Supreme Court, this Court may only civilly enjoin a criminal prosecution, "when absolutely necessary for [the] protection of constitutional rights," and only "under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Henkel v. Bradshaw*, 483 F.2d 1386, 1388 (9th Cir. 1973). No such circumstances or danger exist where a criminal defendant may raise their defenses in their prosecution, unless " 'it plainly appears that this course would not afford adequate protection.' " *Younger*, 401 U.S. at 45 (*quoting Fenner v. Boykin*, 271 U.S. 240, 243-44 (1926)); *Graham v. Krahm*, 461 F.2d 703, 707 (9th Cir. 1972). Nor may a criminal defendant assert that "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution," constitutes irreparable harm. *Younger*, 401 U.S. at 46; *Henkel*, 483 F.3d at 1388.

///

In contrast, equitable relief may be available where *repeated* meritless prosecutions are instituted or threatened solely to harass one or more defendants or to chill their exercise of a constitutional right through fear of prosecution. *Younger*, 401 U.S. at 47-49 (Available where lack of probable cause led Louisiana court to vacate arrest warrants and suppress evidence seized from offices working to advance African American voting rights, but prosecutors used evidence in press conferences and threatened further arrests and seizures.); *see Henkel*, 483 F.3d at 1388. Further, the abstention rule does not restrict a criminal defendant's ability to challenge the bases of their conviction, post-judgment, by legal or equitable means. *See Wooley v. Maynard*, 430 U.S.705, 709-11 (1977).

Bhatia fails to allege a pattern of meritless government prosecutions solely designed to chill the exercise of his constitutional rights. Further, he fails to allege how or in what way he has been, is unable, or will be unable to raise any defenses in his criminal matter. Nor can he. Bhatia seeks an injunction on the grounds that Agent Berry failed to indicate in her search warrant affidavit that Judge Hughes found no fraud in the Texas civil matter. This is the precise ground upon which Bhatia premised his Motion to Dismiss, currently before the Ninth Circuit. Thus, he has shown no impediments to raising these defenses in his criminal matter. As such, he fails to demonstrate any "extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. Moreover, he fails to demonstrate *any* danger or *any* loss whatsoever by being limited to raising defenses related to his criminal prosecution, in his criminal prosecution. As such, he fails to demonstrate that defendants' conduct has caused him any "injury in fact" which the Court could redress with its equitable powers. *Lujan*, 504 U.S. at 560-61. Thus, he has no standing to bring his civil suit, and the Court must dismiss it for lack of subject matter jurisdiction. *Id*.

## CONCLUSION

ACCORDINGLY, the Court DENIES Lal Bhatia's Ex Parte Application for an Order to Show Cause and Temporary Restraining Order [Docket No. 14] and DISMISSES this matter for lack of subject matter jurisdiction. Plaintiff's Motion Pursuant to Rule 59(e) to Correct a Legal Error Pursuant to Local Rule 7.6(c) and to Prevent a Manifest Injustice [Docket No. 2] and his Renoticing Motion for Summary Judgment previously Filed on August 25, 2008 in Texas District

Court [Docket No. 4], neither of which were re-noticed for hearing after this matter was assigned to this Court, are DENIED as moot.  His Third Attempt to Renotice Motion for Summary Judgment Filed in the Texas District Court on August 25, 2008, filed in this Court on November 3, 2008, is also DENIED as moot.  The Clerk of the Court shall VACATE any pending dates in this matter and shall CLOSE this file.

IT IS SO ORDERED.

November 4, 2008

_____
Saundra Brown Armstrong
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAL BHATIA, | Case Number: CV08-04208 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| UNITED STATES OF AMERICA et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 6, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lal Bhatia 97562-011
FDC - Dublin
5701 Eight Street, Camp Parks
Dublin, CA 94568

Dated: November 6, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

9