UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LAL BHATIA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA, JANET BERRY, STEPHEN G. CORRIGAN, DOES 1-50,<br><br>　　　　Defendants. | Case No: C 08-4208 SBA<br><br>Related Case: CR 05-0334 SBA<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION**<br><br>Docket 32, 36 |

　　　　Plaintiff Lal Bhatia ("Bhatia") filed the instant action seeking to enjoin the Government from prosecuting him in a criminal action currently pending before this Court. See United States v. Bhatia, et al., CR 05-334 SBA.[1] He alleged that Assistant United States Attorney Stephen Corrigan ("AUSA Corrigan") and FBI Agent Janet Berry, both of whom are assigned to the criminal action, engaged in "unlawful" and "bad faith" conduct in the course of pursuing criminal charges against him. On November 6, 2008, the Court dismissed the action for lack of subject matter jurisdiction. The Ninth Circuit Court of Appeal affirmed the dismissal on April 20, 2010.

　　　　Two motions are now before the Court. First, on April 7, 2010, Bhatia filed a "Motion Pursuant to Civil Local Rule 7-9(b)(3) for the Court's Manifest Failure to Consider the Unrefuted Material Facts and Dispositive Legal Arguments Establishing the Basis to Order AUSA Corrigan to Correct the Material Falsehoods Prior to Proceeding with CR-05-3334-SBA. (Docket 32.) In short, Bhatia seeks reconsideration of the Court's prior dismissal ruling

---

[1] Bhatia was convicted in a separate criminal action of fraud and money laundering in a case before Judge Claudia Wilken, and currently is in the custody of the Bureau of Prison on that conviction. See United States v. Bhatia, CR 04-40071 CW.

and demands that the Court order AUSA Corrigan to "correct the material falsehoods" before proceeding further with the criminal proceeding. (Mot. at 1.) However, because Bhatia filed his motion after filing a notice of appeal, the Court lacks jurisdiction to consider it. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal") (per curiam); Katzir's Floor and Home Design, Inc. v. M-MLS.com, 394 F.3d 1143, 1147 (9th Cir. 2004) ("The district court lacked jurisdiction to entertain the Rule 60(b) motion, which was filed after the notice of appeal had been filed, thereby stripping the district court of its jurisdiction.") (citing Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004)).

In addition, Bhatia's motion violates Civil Local Rule 7-9(b), which requires a party seeking reconsideration to first seek leave to file such a motion, which he failed to do. The fact that Bhatia is pro se does not excuse him from complying with the rules governing cases in this Court. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (per curiam). Even if the Court were to consider the merits of the motion, the Court would find that it has none, as Bhatia merely repeats the same factually unsupported arguments that the Court has already considered and rejected. See Civ. L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument").

The second motion before the Court is Bhatia's "Motion Pursuant to Federal Rules of Civil Procedures (sic), Rule 60(b)(5) and 60(b)(6), to Commence Disciplinary Proceedings Against Asst. United States Attorney, Stephen G. Corrigan for His Unethical, Deceitful and Immoral Conduct in light of Ninth Circuit's Opinion in Case No. 08-17784," filed on May 5, 2010. (Docket 36.) Under Rule 60(b), the Court may relieve a party of a judgment if "(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or [¶] (6) any other reason that justifies relief." For the reasons stated above, the Court lacks jurisdiction to

consider Bhatia' motion to discipline AUSA Corrigan.[2]  Jurisdiction aside, the motion merely repeats Bhatia's prior meritless filings in this and his other civil case, <u>Bhatia v. Office of the United States Attorney, N. Dist. of Cal.</u>, C 09-4881 SBA.  Accordingly,

    IT IS HEREBY ORDERED THAT Bhatia's motion for reconsideration (Docket 32) and motion under Rule 60(b) (Docket 36) are DENIED.  This Order terminates Docket 32 and 36.

    IT IS SO ORDERED.

Dated: 6/1/10

                                                _____
                                                SAUNDRA BROWN ARMSTRONG
                                                United States District Judge

UNITED STATES DISTRICT COURT

---

[2] Though Bhatia filed the second motion after the Ninth Circuit's ruling, jurisdiction remains with the appellate court.  <u>See</u> <u>United States v. Foumai</u>, 910 F.2d 617, 620 (9th Cir. 1990) ("The jurisdiction of the court of appeals does not terminate until issuance of the mandate.").

FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LAL BHATIA,

        Plaintiff,

  v.

UNITED STATES OF AMERICA et al,

        Defendant.
                                       /

Case Number: CV08-04208 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 2, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lal Bhatia 97562-011
Federal Detention Center
5675 - 8th Street
Camp Parks
Dublin, CA 94568

Dated: June 2, 2010

                              Richard W. Wieking, Clerk

                                    By: LISA R CLARK, Deputy Clerk